IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 05-98-04 RE |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| HECTOR RICARDO VILLARUEL-LOPEZ | |
| Defendant. | |

REDDEN, Judge.

The matter before me is Defendant Hector Ricardo Villaruel-Lopez's Supplemental Motion to Suppress Statements (doc. 558). I took evidence on the Motion on November 7, 2007. In November 2005, I heard evidence on an earlier related Motion to Suppress Evidence and Statements.

1 - OPINION AND ORDER

### November 2005 Hearing.

Defendant originally moved to suppress both the evidence seized from defendant's residence and the statements he made to DEA Agent Karin Pacheco during the execution of a search warrant.

At the hearing on that motion, defendant testified that after he was handcuffed and in custody, Agent Pacheco read the search warrant and, before giving him any Miranda warning, asked if any drugs, money, or weapons would be found in the house. This question is routinely asked for the safety of the agents executing the search warrant. Defendant responded affirmatively and told Agent Pacheco where those items were. He testified that Agent Pacheco then read him his Miranda rights.

Agent Pacheco's original written report of the events that took place during the execution of the search warrant sets forth defendant's statement, followed by a paragraph that notes Miranda warnings were given. Defendant argued the report supported his contention that he was not given a Miranda warning before he spoke.

Prior to the 2005 suppression hearing, Agent Pacheco filed a corrected report reflecting she gave the Miranda warning before she asked the "safety" question. At the hearing, Agent Pacheco testified that she made an error in her report and did give a Miranda warning to defendant before she asked him about the drugs, money, weapons. Agent Pacheco also testified the execution of the search would have led to the discovery of the drugs, money, and the weapon regardless of defendant's statement.

There was a reasonably probability the government would discover the money

and narcotics regardless of defendant's statements and I denied defendant's Motion to Suppress. See Opinion at 5-6, issued December 14, 2005. I found Agent Pacheco's testimony at the time to be reliable, but I did not need to resolve the factual dispute regarding the chronology of events as it was not necessary to my decision.

**November 2007 Hearing.**

Defendant, with new counsel, moved to suppress the statements he made to Agent Pacheco. He claims he was not given a Miranda warning before speaking to Agent Pacheco and did not voluntarily waive his right to that warning.

Agent Pacheco testified at this hearing and voluntarily produced her notes she made on March 12, 2005, regarding the execution of the search warrant. Her notes did not refer either to the reading of the search warrant, which is undisputed, or to the reading of the Miranda warnings.

Agent Pacheco repeated her prior testimony that she advised Defendant of his Miranda rights before she asked him about the drugs, money, and guns. I again find Agent Pacheco's testimony is credible.

In addition, United States Deputy Marshal Dale Ortmann testified and corroborated Agent Pacheco's testimony that she read the search warrant to defendant as well as his Miranda warnings before she asked him about the drugs, money, and guns. I also find Deputy U.S. Marshal Ortmann's testimony is credible.

Accordingly, I find the defendant was given timely Miranda warnings by Agent Pacheco and his statements to her regarding the location of drugs, money, and guns in his home are admissible at trial.

**Conclusion.**

The court, therefore, **DENIES** defendant's Supplemental Motion to Suppress Statements (doc. 558).

IT IS SO ORDERED.

Dated this 9th day of November, 2007.

                                          /s/ James A. Redden
                                          James A. Redden
                                          United States District Judge