UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-98-4-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| HECTOR RICARDO VILLARUEL-LOPEZ, | |
| Defendant. | |

KING, Judge:

Before the court is defendant Hector Ricardo Villaruel-Lopez's motion (doc. 716) to suppress evidence seized from a 1979 Chevrolet (Oregon License Plate #SEG-XXX) during a search of his residence at 894 NE Kathryn Street, Hillsboro, Oregon, on March 12, 2005. For the reasons set forth below, the motion is DENIED.

From June 2003 through March 2005, the Drug Enforcement Administration ("DEA"), in

PAGE 1 - OPINION AND ORDER

conjunction with several local and federal law enforcement agencies, investigated a suspected narcotics-distribution ring in the Hillsboro, Oregon region. Through confidential sources, recorded wiretaps, and surveillance, DEA obtained extensive evidence that the organization obtained large quantities of narcotics from suppliers in Mexico and California, and transported the drugs to Oregon in vehicles modified with hidden compartments. Based on its investigation, DEA believed that Villaruel-Lopez and the other defendants in this case were central players in the drug-trafficking conspiracy.[1]

On March 7, 2005, DEA Special Agent David Tyree applied for more than 30 search warrants and presented a supporting affidavit to United States Magistrate Judge John Jelderks. In his affidavit, Agent Tyree described the evidence, including recorded wiretap phone calls and surveillance, connecting Villaruel-Lopez to the drug conspiracy. Based on that evidence, his training, and experience, Agent Tyree averred that there was probable cause to believe that narcotics and other evidence of unlawful drug trafficking would be found at Villaruel-Lopez's residence at 894 NE Kathryn Street, Hillsboro, Oregon. The affidavit also included a request for authorization to search three vehicles: (1) a 1979 Chevrolet; (2) a 1977 Chevrolet; and (3) a 1994 Nissan Pathfinder. Agent Tyree stated, "based on surveillance and a computerized check with the Oregon Department of Motor Vehicles," DEA connected those vehicles with Villaruel-Lopez and his 894 NE Kathryn Street residence. Resp. in Opp., Exh. 1, at 16.

Judge Jelderks authorized all of the requested warrants, including separate warrants to search: (1) the premises of Villaruel-Lopez's residence at 894 NE Kathryn Street, Hillsboro,

---

[1] Because the parties are familiar with the history of the government's extensive investigation, I need not recite it in detail here.

PAGE 2 - OPINION AND ORDER

Case 3:05-cr-00098-KI    Document 741    Filed 05/01/08    Page 3 of 6

Oregon (the "894 Kathryn Warrant"); and (2) the 1979 Chevrolet (the "1979 Chevrolet Warrant").  Attachment A to the 894 Kathryn Warrant authorized law enforcement to search the premises for narcotics, firearms, large amounts of currency, packaging material, electronic scales, and any records, customer lists, or ledgers relating to the distribution and sale of narcotics.  Id. at 36-38.  Attachment A also authorized agents to search "any and all vehicles" located on the premises at the time the search warrant:

> In the course of this investigation, agents have learned that the MENDOZA-MORALES drug trafficking organization will often secrete illegal narcotics and the proceeds derived from the sale of illegal narcotics in "trap" compartments in the vehicles they use (See Vehicle Section of this affidavit).  <u>A search of the vehicles either located on the property at the time of the execution of the search warrant</u> or later located, if described in this warrant, either from surveillance or indicies checks will involve attempts on behalf of law enforcement to locate these "traps" in the vehicles . . . .

Id. at 37 (emphasis added).  The affidavit also states that "vehicles with 'traps' will constitute substantive evidence" of narcotics trafficking.  Id. at 16.

On March 12, 2005, DEA agents and Deputy U.S. Marshals executed the 894 Kathryn Warrant, and seized approximately 1/2 pound of methamphetamine, miscellaneous packaging material, an electronic scale, and approximately $2,000 in U.S. currency from the premises.  During the search of Villaruel-Lopez's residence, DEA agents also executed the 1979 Chevrolet Warrant and seized money bands and green cellophane wrapping from the vehicle.

Villaruel-Lopez now moves to suppress the evidence seized from the 1979 Chevrolet.  He argues Agent Tyree's affidavit fails to establish any nexus between criminal activity and the 1979 Chevrolet and thus, the 1979 Chevrolet Warrant is insufficient to establish probable cause to search the vehicle.  Villaruel-Lopez does not challenge the validity of the 894 Kathryn Warrant.

PAGE 3 - OPINION AND ORDER

In <u>United States v. Ross</u>, 456 U.S. 798 (1982), the Supreme Court held that "a lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." <u>Id</u>. at 820-21.  "Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found." <u>Id</u>. at 821.  Applying <u>Ross</u> and its progeny, numerous courts have recognized that "a search warrant authorizing a search of a particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises." <u>United States v. Duque</u>, 62 F.3d 1146, 1151 (9th Cir. 1995); <u>see also</u> <u>United States v. Percival</u>, 756 F.2d 600, 612 (7th Cir. 1985) (so holding and collecting cases); <u>United States v. Reivich</u>, 793 F.2d 957, 963 (8th Cir. 1986) ("[A] vehicle found on a premises (except, for example, the vehicle of a guest or other caller) is considered to be included within the scope of the warrant authorizing a search of that premises"); <u>United States v. Napoli</u>, 530 F.2d 1198, 1200 (5th Cir. 1976) (holding that a search warrant's authorization to search "the premises . . .was sufficient to embrace the vehicle parked in the driveway on those premises."); <u>United States v. Gottschalk</u>, 915 F.2d 1459, 1461 (10th Cir. 1990) ("A search warrant authorizing a search of a certain premises generally includes any vehicles located within its curtilage if the objects of the search might be located therein."); <u>United States v. Asselin</u>, 775 F.2d 445, 446-47 (1st Cir. 1985) (warrant to search "premises" for narcotics, U.S. currency, and records justified search of car parked in adjacent carport); <u>United States v. Combs</u>, 468 F.2d 1390, 1391-92 (6th Cir. 1972) (warrant to search "premises" for stolen property and firearms justified search of vehicle parked twenty feet from house).  These cases make clear that a valid

warrant to search a particularly-defined "premises" for narcotics, firearms, U.S. currency, and other evidence related to drug trafficking extends to every part of the premises in which the objects may be found, including vehicles found on, and controlled by the owner of the premises.

Regardless of the validity of the 1979 Chevrolet Warrant, the search of Villaruel-Lopez's vehicle was within the scope of the 894 Kathryn Warrant.  Magistrate Judge Jelderks found that there was probable cause to search the "premises" of 894 NE Kathryn Street, Hillsboro, Oregon for evidence of drug trafficking, such as narcotics, firearms, large amounts of U.S. currency, packaging material, records related to narcotics distribution, and vehicles modified with hidden compartments used for transporting narcotics.  Those are certainly types of evidence that "might be located" in a vehicle on the premises.  Gottschalk, 915 F.2d at 1461.  In any event, the 894 Kathryn Warrant specifically authorized law enforcement to search for evidence of drug trafficking in any and all vehicles located on the property.  Resp. in Opp., Exh. 1, at 16, 37.  Villaruel-Lopez does not challenge the validity of the 894 Kathryn Warrant, and there is no dispute that the 1979 Chevrolet was found and searched on the premises of Villaruel-Lopez's residence.  The affidavit also contained sufficient factual support to conclude that the 1979 Chevrolet belonged to Villaruel-Lopez and that DEA had observed the vehicle at 894 NE Kathryn Street during the course of the investigation.  See Resp. in Opp., Exh. 1, at 15-16.  As such, the search of Villaruel-Lopez's 1979 Chevrolet was permissible under the 894 Kathryn Warrant.

Villaruel-Lopez  contends that the affidavit fails to provide any information regarding the ownership of the 1979 Chevrolet and therefore, it cannot be searched under the 894 Kathryn Warrant.  Defendant is wrong.  In his affidavit, Agent Tyree stated that "based on surveillance

and a computerized check with the Oregon Department of Motor Vehicles," the vehicle was "associated" with Villaruel-Lopez and his 894 NE Kathryn Street residence. Resp. in Opp., Exh. 1, at 16. Although that statement could be clearer, Agent Tyree's affidavit provides sufficient factual support to justify the inference that DEA conducted a DMV records check, which revealed that Villaruel-Lopez resided at 894 NE Kathryn Street and that the 1979 Chevrolet belonged to him. Thus, the search of the 1979 Chevrolet was within the scope of the warrant to search the premises located at 894 NE Kathryn Street.

Accordingly, Villaruel-Lopez's motion to suppress evidence seized from the 1979 Chevrolet (doc. 716) is DENIED.

IT IS SO ORDERED.

DATED this  1st  day of May, 2008.

/s/ Garr M. King
Garr M. King
United States District Judge