UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:05-CR-00098-KI-4 |
| | Civil Case 3:13-CV-01018-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | ON DEFENDANT'S |
| | SECTION 2255 MOTION |
| **HECTOR VILLARUEL-LOPEZ**, | |
| Defendant. | |

S. Amanda Marshall
United States Attorney
District of Oregon
John F. Deits
Assistant United States Attorney
Craig J. Gabriel
Assistant United States Attorney
1000 SW Third Ave., Ste 600
Portland, OR 97204-2902

    Attorneys for United States

Page 1 - OPINION AND ORDER

       Hector Villaruel-Lopez
       Prisoner No. 68575-065
       FCI Elkton
       P.O. Box 10
       Lisbon, OH 44432

           *Pro se* Defendant

KING, Judge:

      Before the court is defendant Hector Villaruel-Lopez's motion, under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence. For the reasons set forth below, I deny the motion.

## BACKGROUND

      On October 28, 2008, a jury found defendant guilty of the following five counts: Conspiracy to Distribute Methamphetamine and Heroin (Count 1), Possession with Intent to Distribute Heroin (Count 2), Possession with Intent to Distribute Methamphetamine (Counts 3 and 5), and Possession with Intent to Distribute Cocaine (Count 6). The evidence at trial consisted of recorded wiretaps and surveillance, which revealed defendant was participating in a narcotics-distribution ring.

      During a search of co-conspirator Ricardo Mendoza-Morales' house, police found a memobook containing a drug ledger written in Spanish. The memobook was received into evidence without objection. The drug ledger referenced several of the co-conspirator's names, including defendant's nickname, "Guero." The government's handwriting expert from the Oregon State Crime Lab opined at trial that the drug ledger was written by Mendoza-Morales. Defendant's attorney cross-examined the expert, and called his own expert to challenge the procedure used by the government's expert. The government relied on the memobook to argue

defendant's nickname in the drug ledger was just one more piece of evidence demonstrating defendant was involved in the charged conspiracy.

After defendant was convicted, he and the government came to an agreement about his sentence. Defendant waived his right to appeal and waived his right to file a Section 2255 motion, except under specified circumstances. In return, the government agreed to recommend a sentence of 144 months' imprisonment; the recommended sentence was adjusted downward from the advisory sentencing guidelines of 235 to 293 months. On January 29, 2009, I imposed a sentence of 144 months' imprisonment on each of the five counts, to be served concurrently.

On January 4, 2013, the Oregon State Police sent the government a letter (which was then provided to defendant's counsel) questioning whether the government's handwriting examiner was qualified to review a Spanish writing.

Defendant filed this Section 2255 motion on June 17, 2013, claiming that the newly discovered evidence, in the form of OSP's letter questioning the expertise of the government's handwriting witness, should give me a reason to vacate or set aside his conviction.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case

*conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998).  Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

There is no need for an evidentiary hearing since the defendant waived his right to file a Section 2255 motion except under specific circumstances that do not exist here.

Defendant waived his right to file this motion in his sentencing agreement with the government.  The sentencing agreement contained the following paragraph:

> Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 [motion for new trial] and 18 U.S.C. § 3582(c)(2) [change in sentencing guidelines inapplicable to defendant].

Gov't Resp. Ex. B, at 1-2.

The Ninth Circuit enforces waiver of appeal rights, so long as "'(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is

Page 4 - OPINION AND ORDER

knowingly and voluntarily made.'" United States v. Leniear, 574 F.3d 668, 672 (9th Cir. 2009) (quoting United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005)).  Defendant presents no facts from which I can find his waiver was uninformed or otherwise defective.  The defendant clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined in the sentencing agreement and I will not consider his argument.

The waiver's language does permit defendant to challenge his conviction or sentence as allowed pursuant to Federal Rule of Criminal Procedure 33.  See United States v. Berry, 624 F.3d 1031, 1039 (9th Cir. 2010) ("A district court may treat a § 2255 motion as a Rule 33 motion for a new trial.").  However, under Rule 33, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(1).  The jury returned its verdict of guilty on October 24, 2008.  Defendant filed his motion on June 17, 2013.  His motion is over a year and a half too late.

## CONCLUSION

Villaruel-Lopez's motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [1059] is DENIED.

IT IS SO ORDERED.

DATED this ___29th___ day of August, 2013.


    /s/ Garr M. King
   Garr M. King
   United States District Judge